UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ROBERT COKER, #264180, | Civil Action No.: 4:09-cv-3332-JMC-TER |
| Plaintiff, | |
| -vs- | **REPORT AND RECOMMENDATION** |
| WARDEN LARRY POWERS and OFFICER GREER, | |
| Defendants. | |

## I.   INTRODUCTION

Plaintiff, who is proceeding pro se, was at all times relevant to the incidents set forth in his Complaint detained at the Spartanburg County Detention Facility (SCDF). Plaintiff raises claims under 42 U.S.C. § 1983, complaining of an injury to his eye and being hit in the head by an Officer.

Presently before the Court is Defendants' Motion to Dismiss and for Summary Judgment (Document # 47).[1] Because he is proceeding pro se, Plaintiff was advised pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the Motion could result in the motion being granted. Plaintiff filed a Response (Document # 54).

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because this Motion is potentially dispositive of Plaintiff's claims, this Report and Recommendation is entered for review by the district judge.

## II.   FACTS AND FACTUAL ALLEGATIONS

In his Complaint, Plaintiff alleges that Defendant Officer Greer threw a heavy mattress cover

---

[1] Because both Defendants and Plaintiff submit matters outside the pleadings in support of their arguments, the Court will treat this as a Motion for Summary Judgment.

which apparently hit Plaintiff in the eye. Plaintiff was seen by an eye specialist in September of 2009, who concluded that Plaintiff had a scarred cornea and blurred vision. Plaintiff fails to identify when he was allegedly hit in the eye with the mattress cover. He further alleges that in 2000, an unidentified officer hit him in the back of the head while he was in handcuffs after he told a nurse to "go to hell."

Defendant Larry Powers, Director of SCDF, submits an Affidavit in which he states that on February 23, 2009, prior to his incarceration, Plaintiff fell and hit his head. Powers Aff. ¶ 7; Medical Records (attached as Ex. A to Powers Aff.). During his incarceration, Plaintiff began to complain about blurring vision. Id. On August 31, 2009, Plaintiff contended that he needed an eye exam because he had been hit in the eye by Officer Greer. Id. However, he states that this was an "(Accident)." Id. Plaintiff asserts in his Response to Defendants' Motion that he meant to write "incident" rather than "accident" in his Grievance. Response p. 5.

Because of his complaints, Plaintiff was sent to Keller Eye Care, L.L.C. and examined by Jarrod R. Keller, O.D. on September 14, 2009. Powers Aff. ¶ 8; Medical Records (attached as Ex. B to Powers Aff.). Dr. Keller opined that Plaintiff suffered from bilateral macular hemorrhages and bilateral macular holes. Dr. Keller then decided that further examination was needed by James G. Hall, M.D. of Retina Consultants. Id. The SCDF medical staff scheduled an appointment for Plaintiff with Dr. Hall for September 21, 2009. Id. Dr. Keller reported to Dr. Hall that Plaintiff reported recently being hit in the head secondary to a fight. Medical Records. Upon examination by Dr. Hall, he did not see any definite angiopathy (diseased blood vessels), nor were there any macular holes. Powers Aff. ¶ 8; Medical Records. While there was atrophy with no known cause, this occurred in both eyes and not just the right one Plaintiff claimed was injured. Id. Finally, Dr. Hall determined that there was no treatable component to Plaintiff's problems and that he could receive new glasses. Id.

Officer Greer avers that he has no recollection of the incident complained of by Plaintiff regarding injury to his eye as a result of Officer Greer throwing a mattress cover at him. Greer Aff. ¶ 4. He avers that during his employment at the SCDF, he often distributed laundry to the inmates as part of his duties as an officer. Id. To his knowledge, he never threw laundry at any inmate. Id.

## III.    STANDARD OF REVIEW

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper

summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

IV.   **DISCUSSION**

   A.   **42 U.S.C. § 1983 Generally**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994), quoting Baker v. McCollan, 443 U.S. 137, 144, n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999). To be successful on a claim under § 1983, a plaintiff must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

   B.   **Statute of Limitations**

Section 1983 does not contain an express statute of limitations. Therefore, in determining the proper statute of limitations in a § 1983 claim, the United States Supreme Court has found that the federal court should adopt the forum state's statute of limitations for personal injury claims. Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), superseded by statute on other grounds as stated in Jones v. R .R. Donnelley & Sons Co., 541 U.S. 369, 124 S.Ct. 1836, 158

L.Ed.2d 645 (2004); Nat'l Adver. Co. v. City of Raleigh, 947 F.2d 1158, 1161 (4th Cir.1991) (stating that since "there is no federal statute of limitations applicable to suits under § 1983, it is the rule that the applicable [statute of limitations] must be borrowed from the analogous state statute of limitations") (internal citations omitted). Under South Carolina law, the statute of limitations for a personal injury claim is three years. See S.C.Code Ann. § 15-3-530(5). Thus, "[t]he statute of limitations for section 1983 causes of action arising in South Carolina is three years." Hamilton v. Middleton, No. 4:02-1952-23, 2003 WL 23851098, at *4 (D.S.C. June 20, 2003); see Hoffman v. Tuten, 446 F.Supp.2d 455, 459 (D.S.C.2006). Actions must be commenced within three years after the plaintiff knew, or by the exercise of reasonable diligence should have known, that a cause of action existed. S.C.Code Ann. § 15-3-530.  Clearly, Plaintiff's claim that he was hit in the head in 2000 falls outside the three-year statute of limitations.  Thus, dismissal of this claim is appropriate.

**C.     Pretrial Detainees**

Allegations of deprivations regarding pretrial detainees[2] are considered under the due process clause of the Fourteenth Amendment instead of the cruel and unusual punishment clause of the Eighth Amendment. Cooper v. Dyke, 814 F.2d 941 (4th Cir.1987). The rationale for this distinction was explained in Ingraham v. Wright, 430 U.S. 651, 671-72 (1977):

> Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions ... the State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with the due process of law. Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment.

Accordingly, confinement conditions of pretrial detainees are to be evaluated under the due

---

[2] The SCDF is generally a pre-trial detainment facility.  Powers Aff. ¶ 3.  Plaintiff was detained at the SCDF from March 2, 2009, until September 28, 2009, when he was transferred into the custody of the South Carolina Department of Corrections.  Id.

-5-

process clause rather than the Eighth Amendment prohibition against cruel and unusual punishment. Bell v. Wolfish, 441 U.S. 520, 535 n.16, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). To prevail on a conditions of confinement claim, a pretrial detainee must show either (1) an expressed intent to punish, or (2) lack of a reasonable relationship to a legitimate nonpunitive governmental objective, from which a punitive intent may be inferred. Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir.1992) (citing Martin v. Gentile, 849 F.2d 863, 870 (4th Cir.1988)). Prison officials act with the requisite culpable intent when they act with deliberate indifference to the inmates' suffering. Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir.) (citing Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)), as amended, 75 F.3d 448 (9th Cir.), cert. denied, 516 U.S. 916, 116 S.Ct. 306, 133 L.Ed.2d 210 (1995). The test for whether a prison official acts with deliberate indifference is a subjective one: the official must "know of and disregard an excessive risk to inmate health and safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

Here, Plaintiff has presented insufficient evidence that Defendant Greer had an express intent to punish Plaintiff by throwing a mattress cover in his direction. Even assuming Plaintiff did not regard Greer's actions as an accident as he states in his Grievance, there is simply insufficient evidence to show that Greer knew of and disregarded an excessive risk to Plaintiff's safety. Further, Plaintiff fails to show any causal connection between the problems with his eyes and Greer's alleged action. Contrary to Plaintiff's allegation that he suffered a scarred cornea, Dr. Hall, the medical doctor that examined Plaintiff, found atrophy to both eyes but no macular holes. Plaintiff's allegations of Greer's conduct are inconsistent with the findings made by Dr. Hall.

Additionally, negligence is not actionable under 42 U.S.C. § 1983. See Daniels v. Williams, 474 U.S. 327, 328-36 & n. 3 (1986); Davidson v. Cannon, 474 U.S. 344, 345-48, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986); Ruefly v. Landon, 825 F.2d 792, 793-94 (4th Cir.1987); Pink v. Lester, 52 F.3d

73, 78 (4th Cir.1995). Thus, to the extent Plaintiff is alleging that Greer acted negligently, such a claim is not cognizable under § 1983. For these reasons, summary judgment is appropriate on Plaintiff's claim against Greer arising out of the allegedly thrown mattress cover.

### D.     Supervisory Liability

Defendant Powers asserts that he is entitled to summary judgment because Plaintiff cannot maintain an action against him based upon a theory of supervisory liability. It is well-established that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. See, e.g., Monell v. Dept. of Social Svs., 436 U.S. 658, 691-92, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). To hold a supervisor liable for a constitutional injury inflicted by a subordinate under § 1983, the plaintiff must allege facts establishing the following elements: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury. Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir.1994).

As discussed above, Plaintiff has failed to show that Greer committed a constitutional violation. Nevertheless, assuming, arguendo, violative conduct, Plaintiff fails to present evidence or even allege that Powers had knowledge of Greer's conduct, that Powers' response was inadequate or that there is a link between any inaction on the part of Powers and Plaintiff's injury. Thus, summary judgment is appropriate on Plaintiff's claim against Powers as well.

### E.     Qualified Immunity

Defendants also assert that they are entitled to qualified immunity in their individual capacities. The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), established the standard which the court is to follow in determining whether the

defendant is protected by this immunity. That decision held that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow, 457 U.S. at 818.

In addressing qualified immunity, the United States Supreme Court has held that "a court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all and, if so, proceed to determine whether that right was clearly established at the time of the alleged violation." Wilson v. Layne, 526 U.S. 603, 609, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999); see also Suarez Corp. Indus. v. McGraw, 202 F.3d 676, 685 (4th Cir.2000). Further, the Supreme Court held that "[d]eciding the constitutional question before addressing the qualified immunity question also promotes clarity in the legal standards for official conduct, to the benefit of both the officers and the general public." Wilson, 526 U.S. at 609. If the court first determines that no right has been violated, the inquiry ends there "because government officials cannot have known of a right that does not exist." Porterfield v. Lott, 156 F.3d 563, 567 (4th Cir.1998). As discussed above, Plaintiff has failed to present sufficient evidence to support his constitutional violation allegations. Nevertheless, assuming arguendo that Plaintiff has presented sufficient evidence of a constitutional violation, Defendants are entitled to qualified immunity from suit.

In Maciariello v. Sumner, 973 F.2d 295 (4th Cir.1992), the Fourth Circuit Court of Appeals further explained the theory of qualified immunity:

> Governmental officials performing discretionary functions are shielded from liability for money damages so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Moreover, there are two levels at which the immunity shield operates. First, the particular right must be clearly established in the law. Second, the manner in which this right applies to the actions of the official must also be apparent. Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines.

Maciariello, 973 F.2d at 298.

In the instant case, Plaintiff has failed to establish any theory of liability upon the part of these Defendants, and, furthermore, Plaintiff has failed to establish the existence of any constitutional deprivation. However, if the Court were to find that Plaintiff has established some theory of liability upon the part of these Defendants, and therefore, the existence of a constitutional deprivation, these Defendants are still entitled to qualified immunity. The record before the Court shows that as to Plaintiff and the specific events at issue, these Defendants performed the discretionary functions of their respective official duties in an objectively reasonable fashion. They did not transgress any statutory or constitutional rights of Plaintiff that they were aware of in the discretionary exercise of their respective professional judgments. Thus, to the extent the district finds that a constitutional violation occurred, these Defendants are entitled to qualified immunity.

## V.  CONCLUSION

For the reasons discussed above, it is recommended that Defendants' Motion for Summary Judgment (Document # 47) be granted, and this case be dismissed in its entirety.[3]

    s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

January 20, 2011
Florence, South Carolina

**The parties are directed to the important notice on the following page.**

---

[3] To the extent Plaintiff's Complaint can be read as asserting a state law claim for negligence, it is recommended that the district judge decline to retain jurisdiction over the claim. See 28 U.S.C. § 1367(c)(3); Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir.1995) (holding district court did not abuse its discretion in declining to retain jurisdiction over the state law claims); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726-27, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); Revene v. Charles County Comm'rs, 882 F.2d 870, 875 (4th Cir.1989).